Good morning. May it please the court. I'm Kathryn Stroll, State Appellate Defender, and I represent the Defendant Appellant in this matter, Mr. Darcy Morris. There's only one issue in this appeal. It's fairly straightforward, and we're here today because the State has requested argument. The issue is whether the clause should be remanded for new post-plea proceedings because the Rule 604D certificate filed in this case did not strictly comply with the rule. In 2014, the Defendant pled guilty to first-degree murder in exchange for a recommended sentence of 25 years. The court accepted the plea as knowing and voluntary and sentenced the Defendant to 25 years. In April of 2015, post-plea counsel filed a motion to withdraw the plea and a 604D certificate. At that time, Rule 604D required counsel to certify that he had examined the report of proceedings of the guilty plea. The rule was subsequently amended in December of 2015 to require that counsel certify he'd examined the report of proceedings for both the guilty plea and the sentencing hearing. In our case, the certificate filed certified that counsel had simply reviewed the report of proceedings, and as such, it never complied with either version of the rule. Now, regardless of that, recent appellate court decisions have made it clear that the certificate counsel filed needed to have complied with the most recent version of the rule, and, of course, the certificate in this case did not. Specifically, this Court in Evans and the Second District, followed suit in Easton, have found that procedural amendments to Rule 604D apply retroactively and have applied the most recent March 2016 amendment to certificates filed before that date. Both courts found that the certificates filed in those cases did not strictly comply with the rule, since neither certificate certified that counsel had reviewed the report of proceedings for the sentencing hearing, which is precisely what counsel did not certify in our case as well. Further, strict compliance is required for each element of the rule, and the remedy for failure to strictly comply is remand for new post-plea proceedings. So, as such, since the certificate in this case did not strictly comply with either the rule in effect at the time it was filed, or based on the subsequent amendments, defendant requests this Court to remand the cause for new post-plea proceedings. Thank you. Thank you. May I please the Court, Counsel? Indeed, they did ask for an oral argument in this case. And the reason why is fairly simple. What the defendant was asking this Court to do is, in this case, is to basically judge and to basically say that defense counsel did not do what he was not required to do at the time he was called upon to do what Rule 604D required him to do. Okay? A salient feature of this case that defense counsel failed to point out is that in this case, this was a fully negotiated guilty plea. So at the time, the defendant pleaded guilty. The trial judge in this case, and if the Court needs the citation of the record, I'll be more than happy to supply it, basically gave the agreed-to sentence of 25 years. So, at this guilty plea, you actually have a guilty plea, if you want to call it a sentencing hearing as such, it's all in one hearing. We don't have what we had in Gonzales, and we don't have what we had in Evans, a separate guilty plea hearing in which you have to say you've been both. In this case, at this time, post-plea counsel, Sam Schneider, filed a certificate to say that the reporter proceeded. Now, the reporter proceeded. I don't think that necessarily means that he averred that he read the continuance motions and motions on other things and did read the guilty plea. I think practically and realistically speaking, he read the guilty plea hearing, which included the sentencing hearing. So, the two questions that I kind of sort of have here is number one, because this comes from what defendants argue. First of all, one of the arguments they make is that he didn't use this form that is now in Rule 604D that came into effect December 3rd of 2015, which was approximately eight months after defense counsel filed a certificate in this case. So, the first question is, did post-plea counsel, Sam Schneider, use the December 3rd, 2015 prescribed form when he filed his April 16th, 2015, 604D certificate? Obviously, no. No, he didn't because that form wasn't in existence. The second question is, did post-plea counsel, Sam Schneider, read the reported proceedings of both the guilty plea and sentencing hearings prior to the filing of his April 16th, 2015, 604D certificate? Well, there are two answers to this. One is, first of all, he wasn't required to do it. So, no, it doesn't specify. But in effect, the real answer to this question is, yes, he did. Yes, he did certify that he read both because of the fact that at the guilty plea hearing, the defendant was sentenced pursuant to a fully negotiated guilty plea. And so, in essence, what counsel did here is counsel actually, even though not really required to do so, actually complied with a rule that really wasn't in existence at the time. But in effect, what we want to do is we want to take and apply something new. We want to go to the wayback machine and put it back there and have him judged. But I think under the facts of this case, I'm sorry? You're not asking us to overrule Evans. I'm not asking you to overrule Evans, but I think Evans is distinguishable. And I'll tell you why, because I did Evans. And Evans was a case in which the defendant entered an open plea. So there was a guilty plea hearing and there was a sentencing hearing. That motion to reconsider sentence was filed December the 1st of 2011. Now, Evans had a very, extremely, very tortured post-plea history. We had an attempt on March 20th of 2012 and another attempt on July 3rd of 2013 to comply with Rule 604B. Both of those attempts failed because counsel didn't comply with the rule, strictly comply with the rule. Those were re-amended. What happened was the one time that counsel did actually completely and totally comply with Rule 604B was on 8-21-14. But the problem was the case was called and the case was heard and the 604B motion was filed prior to the issuance of this court's mandate in the prior case that this court reversed the mandate to send the defendant. So that case fell because there was a lack of jurisdiction. What happened was post-plea counsel from the reversal of 8-21, and that, by the way, didn't come down until 8-17-15 when this court reversed, what happened was counsel filed a certificate on this effort on January 8th of 2016, a month after the rule had already been amended. So technically speaking, as in Gonzales, what happened in Gonzales was, Gonzales was counsel filed his 604B certificate before the amendment, but the hearing didn't occur until after the amendment. And what this court held is, this court held in Gonzales, that because the amendment applied and the case had not even gone to a hearing yet, counsel should have amended his Rule 604B certificate to be able to certify that he read the court proceedings of the sentencing. So that's why Gonzales is distinguishable as a side note. Now, so in Evansville, counsel was required to do this because in the December 3rd, 2015 amendment, counsel had to certify that he read the court proceedings of the sentencing hearing and guilty plea hearings. And he was required to do that. However, in that amendment, what the Supreme Court had done is, at the beginning of part of that sentence that talked about the certificate, they said, when counsel, or if counsel, or if a motion to withdraw a guilty plea is to be filed, that language opened up Pandora's box in a way. Now the question was, what was the purpose of the intended Supreme Court on that phrase? Did that mean only when you're filing a motion to withdraw a guilty plea? So when you're withdrawing, we just have the ability in an open plea to just question the sentence. Did you have to take and file a certificate? That was the issue in Evans. That was what my argument was, was that in that case, counsel really didn't have to file a certificate because based on that language, he was just filing a motion to reconsider a sentence. That motion was called a guilty plea, so he didn't have to file a certificate. That was what the argument was in Evans. That was what the issue that this court decided in Evans, that by the time Evans came around, by the time it happened, the Supreme Court then amended on March 8th of 2016, taking out the language I was relying upon. So now you have a question. Do you apply that language? What is the intent? Does what the Supreme Court did, does that exemplify their intent and the fact that what my argument was was really misapplying what their intent was? So that's what it was. Well, in answering that, rather than saying, well, you know, the intent of the Supreme Court is clear, et cetera, et cetera, what this court did is this court went the extra step and basically decided that they had to apply the rule retroactively in order to take and basically defeat my argument. And that's the reason why I think Evans is distinguishable. Yes, Evans holds the rule is retroactive, but when you look at the factual content in which that was made, it was made on a very specific thing with respect to that language. Of course, once you say it applies retroactively, of course defendants are going to come in and say, well, it applies retroactively. All of these cases that are still pending on direct appeal, which the general rule says that. But when a rule basically adds something or creates something that defense counsel wasn't required to do, I don't think that that calls for application of that rule to that defendant at that time. This proceeding was done. Counsel should be judged by what he did at that time and what was required. And what was required at that time counsel did. Therefore, this court should not determine, should not find that counsel, should not hold counsel to take and have to be doing something that he wasn't required to do at the time he did it under the rule. So we would ask this court to basically affirm the judgment in this case. If there are any questions, I'd be more than happy to respond. Thank you. Any other questions for Ms. Stone? Just a few points. Counsel says that, or the state argues that counsel should be judged based on what he did at the time. What he did at the time was file a non-compliant certificate. The certificate had to certify that he reviewed the report of proceedings of the guilty plea. And it did not say that. It said he reviewed the report of proceedings. Well, what report of proceedings do you reckon he examined? Well, I don't know because he didn't tell us. And there were about 130-plus pages of report of proceedings that preceded the guilty plea. I don't know that he read those. I don't know what he read. He read some part of the report of proceedings, but he was required to specifically state that he read the report of proceedings of the guilty plea. And given that strict compliance is required based on what he certified, he did not strictly comply with the rule at that time. Regardless, as mentioned, Evans, Easton, Gonzalez, all have determined that these procedural amendments do apply retroactively, in which case he certainly did not comply with the rule or the amended rule either. Let me just see. Oh, counsel tries to distinguish Evans. And one way he tries to distinguish Evans is by saying that the hearing on the motion was on a different date, and therefore counsel would have needed to say that he reviewed the report of proceedings for the guilty plea and the sentencing hearing, but in our case, since they happened on the same date, we can just assume that he read the report of proceedings for the sentencing hearing, but were, in fact, confined to the four corners of the certificate and cannot assume that he also read the sentencing hearing. Evans did not say that the procedural amendments apply retroactively only in situations where there's a blind plea or a partially negotiated plea, the sentencing hearing happens on a separate date, et cetera. It says the amendments apply retroactively. So that's to any sort of guilty plea. I believe that is all I have. Thank you. Thank you both for your answers today. We'll take this matter under advisement. We thank you for the witness. We'll now take this advice and recess.